RUSSELL DEVITT, Corporation Counsel Walworth County
You inquire whether consensual sexual conduct involving fifteen-, sixteen- and seventeen-year-old children must be reported as child abuse under section 48.981 (2), Stats. That section requires various persons who deal with children in the course of their *Page 94 
professional duties to report to the county welfare agency, sheriff or police where they have reasonable cause to believe that a child has been abused or neglected. A child is any person less than eighteen years old. Sec. 48.981 (1)(b), Stats. "Abuse" is defined as "any physical injury inflicted on a child by other than accidental means, or sexual intercourse or sexual contact under s. 940.225." Sec. 48.981 (1)(a), Stats.
There is some ambiguity in the reference to section 940.225, the sexual assault statute. That statute contains the following definitions of sexual contact and sexual intercourse:
 "Sexual contact" means any intentional touching by the complainant or defendant, either directly or through clothing by the use of any body part or object, of the complainant's or defendant's intimate parts if that intentional touching is either for the purpose of sexually degrading; or for the purpose of sexually humiliating the complainant or sexually arousing or gratifying the defendant or if the touching contains the elements of actual or attempted battery under s. 940.19 (1).
 "Sexual intercourse" includes [vulvar penetration] as well as cunnilingus, fellatio or anal intercourse between persons or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal opening either by the defendant or upon the defendant's instruction. The emission of semen is not required.
Sec. 940.225 (5)(a) and (b), Stats.
The statute which mandates reporting of sexual abuse could be read as including in the definition of abuse any act of sexual contact or intercourse, as defined above, if a child is a participant. Under that interpretation, it would be irrelevant for purposes of section 48.981 whether the sexual conduct had all the elements of a sexual assault under section 940.225. Whenever there was reasonable cause to suspect that a fifteen-, sixteen-, or seventeen-year-old child had engaged in sexual contact or intercourse, a report would be required.
But consideration of the overall purpose of section 48.981
indicates that abuse should not be so broadly defined. SeeWisconsin's Environmental Decade, Inc. v. Public ServiceCommission, 84 Wis.2d 504, 518, 267 N.W.2d 609 (1978). The goal of the statute is to prevent *Page 95 
physical harm and the psychological or emotional harm which may accompany it. Sec. 48.981 (1)(a) and (d), (3)(b) and (3)(c)9., Stats.; see Laws of 1977, ch. 355, sec. 1. Remedial steps are to be taken where harm has already occurred. Sec. 48.981 (3)(b)2., Stats. Consensual sexual activity by those legally deemed capable of consent cannot be compared to the types of abuse and neglect which are mentioned in the statute and are required to be reported, such as lacerations, burns, internal injuries or the lack of food or medical care. Sec. 48.981 (1)(a) and (d), Stats. Thus the definition in section 48.981 (1)(a) of abuse as "sexual intercourse or sexual contact under s. 940.225" must be understood to mean sexual conduct which constitutes a sexual assault under section 940.225. It is consistent with the purpose of the statute to require the reporting of assaultive sexual behavior because it can have physical, psychological and emotional effects comparable to those of the other types of abuse and neglect which must be reported.
Sexual contact or intercourse constitutes abuse which must be reported if it is a sexual assault within the meaning of section940.225. Since sexual contact or intercourse with any child under the age of sixteen years is a sexual assault, regardless of whether consent was given, section 940.225 (1)(d), (2)(e) and (4), all sexual conduct involving children in that age group must be reported. Sexual contact or intercourse with a sixteen- or seventeen-year-old is not a sexual assault unless it is nonconsensual. Therefore, it should be reported as abuse only if there is reasonable cause to suspect that the sixteen- or seventeen-year-old did not consent.
Having consensual sexual intercourse with a sixteen- or seventeen-year-old constitutes fornication. Sec. 944.15 (2), Stats. But such conduct is deemed criminal on moral grounds, see chapter 944, not because it jeopardizes bodily security as sexual assault does. No reference is made in section 48.981 to the fornication statute. That one could be criminally prosecuted or found delinquent for having sexual intercourse with a sixteen- or seventeen-year-old does not, therefore, mean that such conduct must be reported as abuse.
BCL:KK *Page 96